# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BLANCA ESQUERRE MELGAREJO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DASHAWN SELBY; DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>　　　　　　Defendants. | 2:22-cv-00427-APG-VCF<br><br>**ORDER GRANTING ENLARGMENT OF TIME TO SERVE AND SERVICE BY PUBLICATION (ECF NO. 12)** |

Before the court is plaintiff's motion for court to find effectuation of service or alternatively for enlargement of time to serve defendant Dashawn Selby by publication (ECF No. 12).

Plaintiff seeks a finding that she has properly perfected service of process of defendant Deshawn Selby under NRS 14.070 or alternatively to extend the time to perfect service and for service by publication. Plaintiff has tried to serve defendant at his last known address at 5208 Beverly Rd. Brooklyn, NY 11203 and 9327 Orange St. Rancho Cucuamonga, CA 91701. At the Rancho Cucuamongo address, the homeowner said Selby does not reside at that address and last heard that Selby was residing in NY. Selby was a friend of the niece that used the Rancho Cucuamongo address at one time. At the Brooklyn address, a male tenant said that there was no Dashawn Selby living at that address. *Id.* at page 22. Plaintiff contacted the Nevada Department of Motor Vehicles in November 2021 and there was no record in the system under the name Dashawn Selby with a NV driver's license.

**Service By Publication**

Pursuant to Fed. R. Civ. P. 4(e)(1), "an individual – other than a minor, an incompetent person, or a person whose waiver had been filed – may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state

where the district court is located or where service is made." Under Rule 4(e)(1) of the Nevada Rules of Civil Procedure, "when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons."

Plaintiff asserts that the after diligent effort, she is unable to serve the Selby in California and New York. In support of this assertion, Plaintiff provided the court with several affidavits of attempted services (ECF No. 12 at page 21, 25). The last known address for Selby is 5208 Beverly Rd. Brooklyn, NY 11203. *Id.* Service was unsuccessful at this address. *Id.*

The court finds that pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1), permitting service by publication of the Summons and Complaint on the Selby is warranted. Pursuant to Rule 4(e)(1)(iii), the publication must be made in a newspaper, published in the State of Nevada, for a period of 4 weeks, and at least once a week during said time. Nev. R. Civ. P. 4(e)(1)(iii).

Since defendant has no driver's license in Nevada and his last known address was in New York, plaintiff must serve by publication in the state of New York and comply with New York state's service by publication rule.

**Extension For Service**

Fed. R. Civ. P. 4(m) requires a defendant to be served within 90 days after the complaint is filed. If "the plaintiff shows good cause for the failure [to serve a defendant within that time-frame], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

This matter originated in state court. The complaint was filed on January 6, 2022. (ECF NO. 1-3). On February 8, 2022, state court Judge Veronica M. Barisich gave plaintiff until May 18, 2022, to

perfect service on defendant Selby.  (ECF No. 12 at page 98).  Defendant Allstate Insurance Company removed this matter to United States District Court for the District of Nevada on March 8, 2022.  (ECF No. 1).

Plaintiff asserts that should the court finds that service has not been perfected on defendant Selby, additional time is required to effect service, and asks this court to extend the 4(m) deadline. (ECF No. 12).

Given that Plaintiff has demonstrated "good cause" for failure to effectuate service on Selby and has provided support for her request for an extension, the court will extend the 4(m) deadline, up to and including August 15, 2022.  *See* Fed. R. Civ. P. 4(m).

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that plaintiff's motion for court to find effectuation of service or alternatively for enlargement of time to serve defendant Dashawn Selby by publication (ECF No. 12) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to serve Dashawn Selby by publication. A copy of the Summons and Complaint must be mailed to Dashawn Selby at his last known address(es) by certified U.S. Mail, return receipt requested.

IT IS FURTHER ORDERED that, pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1)(i) and (iii), the Summons in this action must be served by publication in a newspaper, published in the state of Nevada, for a period of four weeks and at least once a week during that time.  Plaintiff must serve by publication in the state of New York and comply with New York state's service by publication rule.

IT IS FURTHER ORDERED that the deadline to effect service of process is extended up to and including August 15, 2022.

DATED this 17th day of May 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE