UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BLANCA ESQUERRE MELGAREJO,<br><br>  Plaintiff<br><br>v.<br><br>DASHAWN SELBY, ALLSTATE INSURANCE COMPANY,<br><br>  Defendants | Case No.: 2:22-cv-00427-APG-VCF<br><br>**Order Denying Motion to Remand**<br><br>[ECF Nos. 7, 17] |

Blanca Esquerre Melgarejo filed this lawsuit in state court. She later agreed to allow Allstate Insurance Company to intervene in the case. Allstate then removed the case to this federal court. Melgarejo now moves to remand the case to state court, arguing that Allstate is not a defendant and thus cannot remove the case.[1] ECF No. 7. She is incorrect.

A defendant may remove an appropriate case to federal court under 28 U.S.C. 1446(a). An intervenor may remove a case if it is properly situated as a defendant. *See, e.g.*, *Bank of New York Mellon v. Walnut Place LLC*, 819 F. Supp. 2d 354, 361 (S.D.N.Y. 2011) ("[I]t is well settled that intervenors . . . may remove under certain circumstances."); 14C Wright, Miller, et al., Federal Practice & Procedure § 3730 (Rev. 4th ed.) ("Intervenors may file notices of removal if they are properly aligned as defendants, but the intervention must precede the removal.").

"In Nevada, an insurance company is bound by the result of an action between its insured and an uninsured motorist when the carrier has notice of the action but elects not to intervene." *LoMastro v American Family*, 195 P.3d 339, 344 (Nev. 2008). Allstate, as Melgarejo's insurer,

---

[1] Melgarejo's ten-page reply brief is a nearly identical copy of her motion, save for one new paragraph. I advise counsel that, if they have nothing new to say in a reply, do not file one.

thus intervened while this case was in state court to protect its interests. ECF No. 1-5. Nevada recognizes that an insurance company that intervenes like this is treated as a defendant. *Id.* ("American Family intervened to defend Leach and became a codefendant to the action, permitted to raise all defenses . . . ."). Federal law would similarly recognize that Allstate is aligned with the defendant here. *See* 14C Wright, Miller, et al., Federal Practice & Procedure § 3730 ("[F]ederal law determines who is a plaintiff and who is a defendant for purposes of applying the removal statute . . . ."). Because Allstate became a defendant upon intervention in the state case, it was authorized to remove this case to federal court.

Melgarejo also argues that Allstate waived its right to remove by consenting to the jurisdiction of the state court when it intervened. But Allstate could not remove the case unless it first intervened.

I THEREFORE ORDER that the plaintiff's motion remand **(ECF Nos. 7, 17) is DENIED**.

DATED this 29th day of June, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2